and applied a part, as his own money, to the owners' use.

Decree affirmed, with costs for the respondent.

---

## Case No. 9,357.

### MAYO v. TAYLOR.

[A state case. See 8 Chi. Leg. News, 10.]

---

MAYO (UNITED STATES v.). See Cases Nos. 15,754 and 15,755.

MAYO (VOSE v.). See Case No. 17,009.

---

### MAYOR, ETC., OF.

[Note. Cases cited under this title will be found arranged in alphabetical order under the names of the cities; e. g. "Mayor, etc., of Baltimore v. Pittsburgh & C. R. Co. See Baltimore v. Pittsburgh & C. R. Co."]

---

## Case No. 9,358.

### MAYOR AND COMMONALTY v. COOKE et al.

[1 Cranch, C. C. 160.] [1]

Circuit Court, District of Columbia. March 26, 1804.

BAIL—CIVIL CASES—CHANCERY ATTACHMENT.

The defendant cannot appear to a chancery attachment in Virginia, without giving bail.

Motion by Mr. Simms and C. Lee, for defendants [Stephen Cooke and others], to appear on a chancery attachment, without giving security according to Act Va. 1792, c. 78. (1) Because Dr. Cooke has so much real estate in town; (2) because the attachment is for taxes, and taxes can only be recovered by distress and sale.

Appearance refused without security.

---

## Case No. 9,359.

### MAYOR AND COMMONALTY v. MOORE et al.

[1 Cranch, C. C. 193.] [1]

Circuit Court, District of Columbia. Nov. Term, 1804.

DEEDS—ESCROW—CONDITION OF DELIVERY — BY WHOM CONDITION PERFORMED.

It is not necessary, to the delivery of a deed as an escrow, that the obligee should be privy to its delivery, nor that the thing to be performed, as a condition of the delivery, should be a thing to be done by the obligee.

[Action by the mayor and commonalty against Thomas Moore and his sureties, Charles Simms and Thomas Swann.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

---

Debt, on an auctioneer's bond. Plea, 1st, non est factum, and 2d, delivered as an escrow, to be his deed, if also executed by William Hodgson and Peter Sherran, who did not execute it. Issue to the 1st plea; special demurrer and joinder to the 2d plea, because, 1st, the plaintiffs were not privy to the delivery as an escrow; 2d, the thing to be performed is to be done by strangers and not by the plaintiffs.

E. J. Lee, for plaintiffs. The obligee must be privy and consent to the conditional delivery. It does not appear that Cleon Moore, to whom it was delivered as an escrow, was authorized by the plaintiffs to receive it as such. It must be on condition that the plaintiffs do something. Shep. Touch. 13, 57; Vin. Abr. 27. But here the condition was to be performed by strangers.

Mr. Simms. If Cleon Moore had no authority to receive the deed, then it is neither a deed nor an escrow.

THE COURT overruled the demurrer. KILTY, Chief Judge, contra.

Thereupon J. Lee moved the court to strike out the judgment, and for leave to withdraw the demurrer, and to file general replications to the pleas, which was granted upon payment of the cost. FITZHUGH, Circuit Judge, doubting whether the demurrer could now be withdrawn.

Upon the trial of the issues, E. J. Lee asked Cleon Moore, the subscribing witness, whether his name was signed by himself, to which he answered in the affirmative, but was not asked as to the delivery of the deed. The attestation was thus: "Sealed and delivered in presence of Cleon Moore."

Mr. Simms prayed the court to instruct the jury that there was no evidence of the delivery of the deed.

THE COURT gave the instruction. It being no more than proving the handwriting of the subscribing witness, while he was living, and within reach of the process of the court.

Verdict for defendants.

---

## Case No. 9,360.

### The MAY QUEEN.

[1 Spr. 588; [1] 23 Law Rep. 658; 44 Hunt. Mer. Mag. 626.]

District Court, D. Massachusetts. Feb., 1861.

SEAMEN—WAGES—EMPLOYED IN TOWING—LIEN— TO WHAT IT EXTENDS.

1. The mate and engineer of an enrolled steamer, employed in towing vessels in and about the harbor of Boston, have a maritime lien upon the steamer for their wages.

[Cited in Raft of Cypress Logs, Case No. 11,-527; The Sarah Jane, Id. 12,349; The Atlantic, 53 Fed. 608.]

---

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]